**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ADVIZEX TECHNOLOGIES, LLC,** | ) | |
| | ) | **CASE NO. 1:26-CV-00083-DCN** |
| **Plaintiff,** | ) | |
| | ) | **Judge Donald C. Nugent** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **MICHAEL BAKER, BRUCE PRIDDY,** | ) | |
| **ERNEST ROBERTS (HAYES) ALLEY III,** | ) | |
| **and JORDAN MCMANUS,** | ) | **AMENDED ANSWER AND** |
| | ) | **COUNTERCLAIM OF DEFENDANT** |
| | ) | **PRIDDY** |
| **Defendants.** | ) | |

Defendant Bruce Priddy ("Defendant"), by and through counsel, hereby submits his Answer to Plaintiff's Complaint and states as follows:

1. Paragraph 1 consists solely of a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

2. Paragraph 2 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

3. Paragraph 3 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

4. Paragraph 4 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

5. Paragraph 5 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

6. Defendant is without sufficient knowledge to respond to the allegations in Paragraph 6 of the Complaint.

1

7.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 7 of the Complaint.

8.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 8 of the Complaint.

9.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 9 of the Complaint.

10.     Admitted.

11.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 11 of the Complaint.

12.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies that Plaintiff has a legitimate claim for relief against the Defendant. Defendant admits that this Court has jurisdiction over this matter and that this venue is the proper venue. Any remaining allegations in Paragraph 13 are denied.

14.     Defendant denies that Plaintiff has a legitimate claim for relief against the Defendant. Defendant admits that this Court has jurisdiction over this matter and that this venue is the proper venue. Any remaining allegations in Paragraph 14 are denied.

15.     Defendant denies that Plaintiff has a legitimate claim for relief against the Defendant. Defendant admits that Defendant consented to submit to the jurisdiction of this Court for any cause of action arising from the Agreement.  Any remaining allegations in Paragraph 15 are denied.

16.     Defendant denies that Plaintiff has a legitimate claim for relief against the Defendant. Defendant admits that Defendant consented to this Court being an appropriate venue

for any cause of action arising from the Agreement.  Any remaining allegations in Paragraph 16 are denied.

17.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 17 of the Complaint.

18.     Admitted.

19.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 19 of the Complaint.

20.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 20 of the Complaint.

21.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 22 of the Complaint.

23.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 23 of the Complaint.

24.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 24 of the Complaint.

25.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 25 of the Complaint.

26.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 26 of the Complaint.

27.     Paragraph 27 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

**Baker's Resignation from Advizex**

28.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 28 of the Complaint.

29.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 29 of the Complaint.

30.     Paragraph 30 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

31.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

33.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 33 of the Complaint.

**Priddy's Resignation from Advizex**

34.     Paragraph 34 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

35.      Paragraph 35 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

36.     Paragraph 36 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

37.     Admitted.

38.     Paragraph 38 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

39.     Admitted.

**Alley's Resignation from Advizex**

40.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 40 of the Complaint.

41.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 41 of the Complaint.

42.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 42 of the Complaint.

43.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 43 of the Complaint.

44.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 44 of the Complaint.

**McManus's Resignation from Advizex**

45.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 45 of the Complaint.

46.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 46 of the Complaint.

47.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 47 of the Complaint.

48.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 48 of the Complaint.

49.     Defendant is without sufficient knowledge to respond to the allegations in Paragraph 49 of the Complaint.

**Defendant's Employment with Davenport**

50. Denied as stated.

51. Denied as stated.

52. Admitted.

53. Defendant is without sufficient knowledge to respond to the allegations in Paragraph 53 of the Complaint.

54. Denied.

55. Denied as stated.

56. Denied as stated.

57. Defendant admits that he received a letter from Advizex. Paragraph 57 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

58. Defendant is without sufficient knowledge to respond to the allegations in Paragraph 58 of the Complaint.

59. Paragraph 59 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph. Defendant is without sufficient knowledge to respond to the remaining allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph. Defendant is without sufficient knowledge to respond to the remaining allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

62. Paragraph 62 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

63. Defendant reasserts all responses to Paragraphs 1-62 above as fully incorporated herein.

64. Admitted.

65. Denied.

66. Denied as stated.

67. Denied.

68. Paragraph 68 refers to a written document, the contents of which speak for itself. Defendant denies any remaining allegations of this paragraph.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendant reasserts all responses to Paragraphs 1-72 above as fully incorporated herein.

74. Paragraph 74 contains only legal conclusions to which no response is required.  To the extent a response is required, Defendant denies violating any duty owed to Plaintiff and denies any liability to Plaintiff based on any legal theory whatsoever.

75. Denied.

76. Denied.

77. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendant affirmatively alleges they have not breached, materially or otherwise, any duty, legal or otherwise allegedly owed to Plaintiff.

3. Plaintiff's claims fail as a matter of law as it did not incur damages as a result of any alleged conduct by Defendant.

4. The restrictive covenants set out in the Agreement are unenforceable as an unreasonable restraint in trade.

5. Plaintiff cannot establish having a protectible interest to support enforcing the restrictive covenants contained in the Agreement.

6. Plaintiff has unclean hands and is not entitled to any relief.

7. Plaintiff's claims are barred by the estoppel doctrine.

8. Plaintiff, through its agents or employees with binding authority, waived their rights to enforce the restrictive covenants.

9. Upon information and belief, Plaintiff's failure to enforce the restrictive covenants constitutes waiver or acquiescence.

10. Plaintiff has failed to mitigate its damages.

11. Plaintiff cannot establish the elements of its claims against Defendant.

12. Plaintiff is not entitled to any injunctive relief.

13. Defendant denies that he stole or misappropriated anything from Plaintiff and demands strict proof thereof.

14. Defendant alleges that the damages allegedly sustained by Plaintiff were caused wholly or in party by the negligence of a third party, whether a party to this action or not, whose

8

actions were an intervening and superseding cause of the damages and for whose fault Defendant is not answerable.

15.     Defendant reserves the right to interpose additional affirmative defenses as they may arise during the course of discovery.

16.     Defendant demands a trial by jury of all claims asserted against him in this case.

## COUNTERCLAIM

1.     Defendant Bruce Priddy, by and through counsel, hereby submits the following as his Counterclaim against Plaintiff pursuant to Rule 13 of the Federal Rules of Civil Procedure.

2.     Defendant and Counter-Plaintiff Bruce Priddy is a citizen and resident of the State of Tennessee.

3.     Plaintiff and Counter-Defendant is limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Independence, Ohio.

4.     This Court has jurisdiction over the Counterclaim since the claims asserted arise out of the transaction or occurrence that is the subject matter of this opposing party's claims.

5.     Mr. Priddy is a former employee for Counter-Defendant.

6.     When Mr. Priddy began working for the Company, the Company was to pay Mr. Priddy under a compensation plan (the "Compensation Plan"). A true and correct copy of the Compensation Plan is attached hereto as **Exhibit 1**.

7.     Under the Compensation Plan, Mr. Priddy was to be paid commissions based on the Company's gross profits, as further set forth in the Compensation Plan.

8.     In reality, however, the Company did not pay under that promised structure. Rather, the company purposefully miscalculated its gross profits in order to avoid paying Mr. Priddy his full commission.

9

9.     Upon information and belief, the Company would inflate certain costs, like employee costs, which resulted in a false, lower gross profit.

10.     Mr. Priddy has been damaged due to the company's actions.

**COUNT ONE**
**(Breach of Contract)**

11.     Counter-Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 9 of this Counterclaim.

12.     Counter-Defendant had a contractual commitment to pay Counter-Plaintiff under the Compensation Plan.

13.     Counter-Plaintiff fully performed and satisfied his commitment under the Compensation Plan.

14.     A party to a contract has a duty to act fairly and in good faith. This duty is implied by law and need not be in writing.

15.     The duty act fairly and in good faith requires that neither party do anything that prevents the other party from receiving the benefits of the parties' agreement.

16.     By the actions set forth in the preceding paragraphs, Counter-Defendant breached the duty of good faith and fair dealing owed to Counter-Plaintiff.

17.     Counter-Defendant's failure to pay Counter-Plaintiff according to the Compensation Plan constituted a breach of the terms of the Compensation Plan and a breach of the duty act fairly and in good faith, and Counter-Plaintiff has sustained damages because of such Counter-Defendant's breach.

**COUNT TWO**
**(Unjust Enrichment)**

18.     Counter-Plaintiff incorporates by reference the allegations contained in paragraphs

10

1 through 17 of this Counterclaim.

19.    Counter-Plaintiff conferred a benefit on Counter-Defendant by making increasing gross profits through sales, a portion of which was owed to Counter-Plaintiff as commissions pursuant to the Compensation Plan.

20.    Counter-Defendant knew of the benefit and Counter-Plaintiff entitlement to commissions based on gross sales under the Compensation Plan.

21.    Counter-Defendant's conduct in miscalculating gross profits and inflating costs was intentional and designed to deprive Counter-Plaintiff of commissions rightfully owed to him

22.    Counter-Defendant's retention of commissions owed to Counter-Plaintiff pursuant to the Compensation Plan constitutes unjust enrichment.

23.    Counter-Defendant accepted and retained the benefit of Counter-Plaintiff's work and performance, while failing to pay Counter-Plaintiff the compensation owed to him.

24.    It would be inequitable and unjust for Counter-Defendant to retain these benefits without compensating Counter-Plaintiff.

25.    As a direct and proximate result of Counter-Defendant's unjust enrichment, Counter-Plaintiff has suffered damages.

WHEREFORE, Counter-Plaintiff demands judgment against Counter-Defendant in an amount to be proven at trial for Counter-Defendant's breach of contract with Counter-Plaintiff, and that it be awarded such additional relief as the nature of his claim may require to make him whole, and that this Counter-Complaint be tried by a jury.

Respectfully submitted,

*/s/ Morgan J. Hartgrove*
James K. Simms, IV (admitted *pro hac vice*)
Morgan J. Hartgrove (admitted *pro hac vice*)
Thompson Burton, PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Phone: (615) 475-5136
Email: jk@thompsonburton.com
morgan@thompsonburton.com


Charles F. Billington (0083143)
Hannah Walsh Mulkey (0105486)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 479-6111
Email: cfbillington@vorys.com
hwmulkey@vorys.com


*Attorneys for Defendant*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed electronically on this 30th day of May 2026.  Notice of this filing will be sent by the Court's electronic filing system to all parties listed below.

Karina R. Conley
Julia G. Ross
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
kconley@mcdonaldhopkins.com
jross@mcdonaldhopkins.com

Timothey J. Lowe
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
tlowe@mcdonaldhopkins.com

*Counsel for Plaintiff*

*/s/ Morgan J. Hartgrove*
Morgan J. Hartgrove

13