UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ADVIZEX TECHNOLOGIES, LLC**, | ) | CASE NO. 1:26-CV-00083-DCN |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| **MICHAEL BAKER**, *et al.,* | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |
| | ) | |

### PLAINTIFF/COUNTER-DEFENDANT ADVIZEX TECHNOLOGIES, LLC'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF BRUCE PRIDDY'S AMENDED COUNTERCLAIM

For its Answer to Defendant/Counter-Plaintiff Bruce Priddy's ("Defendant/Counter-Plaintiff") Amended Counterclaim, Plaintiff/Counter-Defendant Advizex Technologies, LLC ("Plaintiff/Counter-Defendant"), by and through its counsel, states as follows:

1.	In response to Paragraph 1 of the Amended Counterclaim, Plaintiff/Counter-Defendant admits that Defendant/Counter-Plaintiff purports to bring this Amended Counterclaim against Plaintiff/Counter-Defendant pursuant to Rule 13 of the Federal Rules of Civil Procedure and denies the remaining allegations contained in Paragraph 1 of the Amended Counterclaim.

2.	Plaintiff/Counter-Defendant is informed, and on that basis, admits the allegations contained in Paragraph 2 of the Amended Counterclaim

3.	Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 3 of the Amended Counterclaim.

38399091.1

4.      Paragraph 4 of the Amended Counterclaim contains legal conclusions for which no response is required. To the extent a response is required, Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 4 of the Amended Counterclaim.

5.      Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 5 of the Amended Counterclaim.

6.      Paragraph 6 of the Amended Counterclaim refers to a written document, the contents of which speak for itself. Plaintiff/Counter-Defendant denies any remaining allegations of Paragraph 6 of the Amended Counterclaim.

7.      Paragraph 7 of the Amended Counterclaim refers to a written document, the contents of which speak for itself. Plaintiff/Counter-Defendant denies any remaining allegations of Paragraph 7 of the Amended Counterclaim.

8.      Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 8 of the Amended Counterclaim.

9.      Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 9 of the Amended Counterclaim.

10.      Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 10 of the Amended Counterclaim.

**COUNT I**
**(Breach of Contract)**

11.      The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

12.      Paragraph 12 of the Amended Counterclaim refers to a written document, the contents of which speak for itself. Plaintiff/Counter-Defendant denies any remaining allegations of Paragraph 12 of the Amended Counterclaim.

13.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 13 of the Amended Counterclaim.

14.     Paragraph 14 of the Amended Counterclaim contains legal conclusions for which no response is required. To the extent a response is required, Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 14 of the Amended Counterclaim.

15.     Paragraph 15 of the Amended Counterclaim contains legal conclusions for which no response is required. To the extent a response is required, Plaintiff/Counter-Defendant admits the allegations contained in Paragraph 15 of the Amended Counterclaim.

16.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 16 of the Amended Counterclaim.

17.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 17 of the Amended Counterclaim.

## <u>COUNT II</u>
**(Unjust Enrichment)**

18.     The preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

19.     Paragraph 19 of the Amended Counterclaim refers to a written document, the contents of which speak for itself. Plaintiff/Counter-Defendant denies any remaining allegations of Paragraph 19 of the Amended Counterclaim.

20.     Paragraph 20 of the Amended Counterclaim refers to a written document, the contents of which speak for itself. Plaintiff/Counter-Defendant denies any remaining allegations of Paragraph 20 of the Amended Counterclaim.

21.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 21 of the Amended Counterclaim.

38399091.1

22.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 22 of the Amended Counterclaim.

23.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 23 of the Amended Counterclaim.

24.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 24 of the Amended Counterclaim.

25.     Plaintiff/Counter-Defendant denies the allegations contained in Paragraph 25 of the Amended Counterclaim.

26.     Plaintiff/Counter-Defendant denies all allegations not specifically admitted herein.

### <u>AFFIRMATIVE DEFENSES</u>

1.     Defendant/Counter-Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

2.     Defendant/Counter-Plaintiff's claims are barred, in whole or in part, because any and all actions taken by Plaintiff/Counter-Defendant were taken in good faith and without improper intent or motive and were based on its honest belief that such actions were reasonable, appropriate, and well-founded.

3.     Defendant/Counter-Plaintiff's claims are barred because any and all actions taken by Plaintiff/Counter-Defendant were based on legitimate, lawful business factors.

4.     Defendant/Counter-Plaintiff's claims are barred in whole or in part due to Defendant/Counter-Plaintiff's failure to mitigate Defendant/Counter-Plaintiff's claimed damages, if any, and/or Defendant/Counter-Plaintiff's failure to exercise reasonable diligence to mitigate such damages.

38399091.1

5. Defendant/Counter-Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, estoppel, accord and satisfaction, laches and/or waiver.

6. Defendant/Counter-Plaintiff's claims are barred against Plaintiff/Counter-Defendant because Plaintiff/Counter-Defendant was not the proximate cause of injuries or losses, if any, suffered by Defendant/Counter-Plaintiff.

7. Defendant/Counter-Plaintiff's claims for damages are subject to the limitations and caps set forth in Ohio and federal law.

8. Defendant/Counter-Plaintiff is not entitled to compensatory, liquidated, or punitive damages or attorneys' fees because Plaintiff/Counter-Defendant did not at any time engage in any unlawful, willful, reckless or malicious conduct toward Defendant/Counter-Plaintiff or with intent to injure Defendant/Counter-Plaintiff or with knowledge or belief that injury was substantially certain to occur.

9. Some or all of Defendant/Counter-Plaintiff's claims are barred because Defendant/Counter-Plaintiff unreasonably failed to avail himself of internal remedies, failed to comply fully with Plaintiff/Counter-Defendant's policies and procedures, unreasonably failed to report or otherwise complain to Plaintiff/Counter-Defendant about alleged compensation discrepancies, and Plaintiff/Counter-Defendant had no knowledge or reason to suspect that any such discrepancies occurred, and had no opportunity to investigate and respond to the situation as appropriate.

10. Defendant/Counter-Plaintiff's claims for punitive damages are barred and/or limited under the United States Constitution and the Ohio Constitution.

11. Plaintiff/Counter-Defendant is entitled to set-offs with respect to Defendant/Counter-Plaintiff's claimed damages.

5

38399091.1

12.     Defendant/Counter-Plaintiff is not entitled to any of Defendant/Counter-Plaintiff's claimed damages or remedies against Plaintiff/Counter-Defendant because Plaintiff/Counter-Defendant did not at any time engage in any unlawful or wrongful conduct toward Defendant/Counter-Plaintiff.

13.     Defendant/Counter-Plaintiff's claim for unjust enrichment is barred to the extent there is an adequate remedy at law and no factual or legal basis for the granting of equitable relief.

14.     Plaintiff/Counter-Defendant reserves the right to add additional affirmative defenses as they become known through the course of these proceedings.

WHEREFORE, Plaintiff/Counter-Defendant Advizex Technologies, LLC respectfully requests that the Court enter judgment in its favor, dismiss Defendant/Counter-Plaintiff Bruce Priddy's Amended Counterclaim with prejudice, award Plaintiff/Counter-Defendant its costs, including reasonable attorneys' fees, and grant Plaintiff/Counter-Defendant such other relief as the law, equity and justice require.

Respectfully submitted,

/s/ *Karina R. Conley*
MCDONALD HOPKINS LLC
Karina R. Conley (0093906)
Julia G. Ross (0099095)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
E-Mail: kconley@mcdonaldhopkins.com
          jross@mcdonaldhopkins.com

MCDONALD HOPKINS PLC
Timothy J. Lowe, Esq. (MI Bar # P68669)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-7075
E-Mail: tlowe@mcdonaldhopkins.com

6

38399091.1

*Counsel for Plaintiff/Counter-Defendant Advizex Technologies, LLC*

7

38399091.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, the foregoing *Answer to Defendant/Counter-Plaintiff Bruce Priddy's Amended Counterclaim* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Karina R. Conley
KARINA R. CONLEY (0093906)

*Counsel for Plaintiff/Counter-Defendant Advizex Technologies, LLC*

8

38399091.1